IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES B. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-0348-CV-W-FJG |
| ) | |
| MEXAS KANSAS CITY LLC, d/b/a ) | |
| Tengo Sed Cantina, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Plaintiff's Motion for Remand (Doc. No. 8); and (2) Defendants' Motion to Supplement Defendants' Notice of Removal (Doc. No. 13). Both are considered, below.

**I.     Background**

On February 19, 2013, plaintiff James Smith filed his petition for damages in the Circuit Court of Jackson County, Missouri. Defendants Mexas Kansas City, LLC (which plaintiff alleges conducted business operations in the name of Tengo Sed Cantina until approximately August 2011), Mexas KC, LLC (the successor company of Mexas Kansas City, LLC), and Chesley Brown International (a security management company) were served on March 7, 2013. Defendant Eric Hubbs (general manager of Tengo Sed Cantina) was served on March 8, 2013. Plaintiff has also named a John Doe defendant. This action was timely removed to federal court on April 8, 2013.

Plaintiff alleges that on or about December 5 or 6, 2010, he was a patron at Tengo Sed Cantina, a bar in Kansas City, Missouri's Power and Light District. Plaintiff alleges that defendant Doe was continuously served alcohol by the employees of Tengo

Sed Cantina. Plaintiff further alleges that defendant Doe verbally harassed him and threatened him with bodily harm in the presence of the bar's employees and manager. Plaintiff alleges defendant Doe then charged plaintiff and punched plaintiff in the right side of the face. Plaintiff asserts that defendant Doe then wound up to punch plaintiff again and collided with plaintiff, knocking plaintiff to the ground. Plaintiff asserts that defendant Doe was then escorted from the bar. Plaintiff asserts that none of the bar employees intervened to remove defendant Doe from the premises before the assault, nor did they call the police or ask for the name of plaintiff or defendant Doe. Plaintiff asserts he suffered numerous injuries, including a fractured right humerus, a broken tooth, and bruising on the right side of his mouth.

Plaintiff's original petition, filed on February 19, 2013, contained seven counts. Plaintiff's theories included: Count 1, assault and battery against defendant Doe; Count 2, intentional infliction of emotional distress against defendant John Doe; Count 3, negligence against defendants Mexas Kansas City, LLC, Mexas KC, LLC, Hubbs, and Chesley; Count 4, dram shop liability against Mexas Kansas City, LLC, Mexas KC, LLC, and Hubbs; Count 5, negligent infliction of emotional distress against Hubbs, Mexas Kansas City, LLC, and Mexas KC, LLC; Count 6, negligent supervision against Mexas Kansas City, Mexas KC, Hubbs, and Chesley; and Count 7, breach of contract against Chesley. On March 26, 2013, plalintiff filed his first amended petition (see Doc. No. 9-1), asserting the same seven counts.

Defendants removed this action on April 8, 2013, asserting that diversity jurisdiction exists under 28 U.S.C. § 1332. In particular, defendants assert that plaintiff's alleged damages exceed $75,000. Plaintiff is a resident of Missouri. Defendants Mexas Kansas City, LLC, Mexas KC, LLC, and Chesley Brown are all

2

asserted to be residents of states other than Missouri. See Petition, ¶¶ 2, 6, as well as Ex. B to Doc. No. 1. Defendants also assert:

> While Eric Hubbs is also named as a defendant and identified as a resident of Missouri (Petition, ¶ 4), his identification as a defendant does not destroy diversity. It is well 'established that "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.' Navarro Savings Ass'n v. Lee, 446 U.S. 458, 460 (1980). 'Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.' Id. at 461.

Doc. No. 1, ¶ 6. Notably, defendants do not state in their notice of removal their theory as to why Hubbs should be considered a nominal or formal party, nor do they give a theory by which Hubbs could be considered fraudulently joined in this action. See generally Doc. No. 1. Defendants attached only the original petition to their notice of removal; they did not attach the first amended petition.

On May 8, 2013, plaintiff filed his motion to remand.

## II. Plaintiff's Motion for Remand (Doc. No. 8)

Plaintiff moves for an order remanding this case to the Circuit Court of Jackson County, Missouri. Plaintiff asserts (1) the notice of removal was procedurally defective in that defendants failed to attach the First Amended Petition for Damages, which had been filed and served on defendants on March 26, 2013; and (2) the defendants have failed to establish complete diversity. The Court finds that it need only consider the second of these two arguments.

### A. Standard

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court

3

must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). On a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997)(citing Bus. Men's Assurance, 992 F.2d at 183).

Fraudulent joinder provides an exception to the general rule that the presence of a non-diverse defendant destroys diversity jurisdiction. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir.2010) (citing Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir.2003)). Joinder is fraudulent where there is no reasonable basis in fact and law supporting the claim. Filla, 336 F.3d at 810; Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir.2002). In considering whether there is "arguably a reasonable basis for predicting that the state law might impose liability," the court must "resolve all facts and ambiguities in the . . . controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811. "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Manning v. Wal–Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004)(quoting Filla, 336 F.3d at 810) (emphasis in original). Furthermore, the Eighth Circuit has instructed

4

that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" Filla, 336 F.3d 811 (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977)).

B. Discussion

In his suggestions in support of his motion to remand, plaintiff notes that the notice of removal does not allege fraudulent joinder specifically, but instead baldly indicates that defendant Hubbs' "identification as a defendant does not destroy diversity." Doc. No. 1, ¶ 6. As noted by plaintiff, defendant must provide some evidence to the court in order to meet its burden to demonstrate subject matter jurisdiction in its notice of removal. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). Therefore, plaintiff argues that defendant has failed to demonstrate the jurisdiction of this court within the notice of removal.

Furthermore, plaintiff argues that he has asserted a colorable cause of action against defendant Hubbs. Plaintiff has named defendant Hubbs in four counts of his first amended petition: (1) Negligence (Count III); (2) Dram Shop Liability (Count IV); (3) Negligent Infliction of Emotional Distress (Count V); and (4) Negligent Supervision (Count VI). Plaintiff alleges that defendant Hubbs was the general manager of the subject bar, and therefore was responsible for its employees, and had a duty to properly train and supervise the employees to make sure that patrons were protected and safety protocols were followed, but that defendant failed in doing so. Plaintiff also alleges that defendant Hubbs failed to properly train or supervise the staff, who allegedly continued to serve alcohol to plaintiff's visibly intoxicated attacker.

Defendants have filed opposition to plaintiff's motion to remand (Doc. No. 14), arguing that defendant Hubbs was fraudulently joined to destroy diversity. Defendants argue that defendant Hubbs did not personally owe any duty to plaintiff, and that the claims made against defendant Hubbs are the same as those made against the business owner. Defendant notes that under certain circumstances, an owner of a business property may be liable to an invitee who is criminally attacked by a third person when special relationships exist. Miller v. S.Cnty. Ctr., Inc. 857 S.W.2d 507, 510-11 (Mo. App. 1993). Defendants then argue, without citing any supporting authority, that the legally-recognized duty of the owner does not extend to employees of a business. Defendants argue that Hubbs owed no duty to plaintiff on any of the four counts against Hubbs in the first amended petition.

In reply, plaintiff suggests that the Court is required to "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811. Plaintiff notes that defendants have provided no Missouri authority denying plaintiff the right to assert the types of claims that plaintiff has asserted against Hubbs, and therefore defendants have not met their burden to clearly demonstrate that plaintiff's claims against Hubbs are precluded under Missouri law.

The Court finds that plaintiff has sufficiently pled a colorable cause of action against defendant Hubbs under Missouri Law. First, the Court notes that defendants' notice of removal provided no information as to why they believed defendant Hubbs was fraudulently joined, and the Court finds that on that basis alone, defendants did not meet their burden to demonstrate original jurisdiction of the federal courts. Even when considering the arguments made in defendants' response to the motion to remand, moreover, the Court finds that defendant still has not met its burden. Although Missouri

6

law is not entirely clear as to whether an employee or manager can be held liable under the facts presented in this case, an employee or agent can be held liable for his negligence to his proprietor's business invitees. Giles v. Moundridge Milling Co., 173 S.W.2d 745, 751 (Mo. 1943). Employees can be held liable (1) where the employee "has or assumes full and complete control of his employer's premises;" or (2) where an employee does not have complete control of the premises but "breaches some duty which he owes to [a] third person." State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo.App. 1992). In the second scenario, the test is "whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." Id. Additionally, while there is no general duty to protect a business invitee from the deliberate criminal acts of a third party, an exception to this rule can arise from "special relationships" or "special facts and circumstances." Brown v. Van Noy, 879 S.W.2d 667, 671 (Mo. App. 1994). Furthermore, special facts and circumstances have been found in cases involving criminal acts of third parties, as "[a] tavern owner has the duty to protect his patrons from injury by any person on the tavern's premises who is known to be violent or has conducted himself in a manner so as to indicate danger to bar patrons." Id. Given the state of Missouri law as described above, the Court finds it reasonable to predict that Missouri state law might impose a duty to protect bar patrons on tavern managers or other employees.

Therefore, the Court finds that defendants have failed to meet their burden of showing that defendant Hubbs was fraudulently joined in this action. Given that Hubbs is a citizen of the state of Missouri, this Court lacks subject matter jurisdiction of this case. Plaintiff's Motion to Remand (Doc. No. 8) will therefore be **GRANTED**.

### III.     Conclusion

Therefore, for the foregoing reasons, (1) Plaintiff's Motion for Remand (Doc. No. 8) is **GRANTED**; (2) this case is **REMANDED** to the Circuit Court of Jackson County, Missouri, at Kansas City; and (3) Defendants' Motion to Supplement Defendants' Notice of Removal (Doc. No. 13) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**


Date: <u>August 30, 2013</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 Chief United States District Judge